IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>vs.<br>ELMER MIMS,<br>        Defendant. | Case No. 22-cr-39-CJW-8<br><br>**REPORT AND RECOMMENDATION** |

_____

## I.  INTRODUCTION

Before me is Defendant's pro se Motion under Rule 41 thru 41(g); Motion to Return Property, filed on November 24, 2025. (Doc. 759.) The Government filed a resistance on December 4, 2025. (Doc. 762.)

I have determined that no hearing on this motion is necessary.

## II.  FINDINGS OF FACT

Defendant was initially charged by an Indictment on April 21, 2022. (Doc. 13.) The Indictment included a firearm forfeiture allegation for three of Mr. Mims's Co-Defendants. On December 14, 2022, the Grand Jury returned a Superseding Indictment which included a similar firearm forfeiture allegation as in the initial Indictment. The Superseding Indictment charged Defendant Elmer Mims with one Count of Conspiracy to Distribute a Controlled Substance. (Doc. 318.) Attached to the Government's resistance is a Cedar Rapids Police Report dated March 8, 2022 which lists items that were located and seized during the execution of a search warrant. (Gov. Ex. 1.) Government's Exhibit 2 is a Declaration of Forfeiture by the U.S. Department of Justice Drug Enforcement Administration dated January 2, 2023. This declaration states the asset description as $18,788.00 in U.S. Currency from the seizure date of March 8, 2022.

1

Furthermore, the declaration states, "[N]otice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property . . . notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement."

Defendant's jury trial was February 22, 2023 through February 24, 2023. The jury found Defendant guilty of conspiracy to distribute methamphetamine, as charged in count one of the Superseding Indictment. (Doc. 455.) Defendant's sentencing hearing started on September 14, 2023 but was continued to September 29, 2023. (Docs. 616, 638.) On September 29, 2023, Defendant was sentenced to 235 months' imprisonment followed by 5 years of supervised release. On October 2, 2023, Defendant's Judgment was filed. (Doc. 639.)

The Court did not address forfeiture at sentencing or enter any orders relating to forfeiture of the Property.

### III. THE PARTIES' ARGUMENTS

#### A. *Defendant's Motion for Return of Seized Property*

Defendant's motion asserts the Court has equitable jurisdiction over Rule 41(g) motions filed after the termination of criminal proceedings. Defendant's motion requests the Court order the Government to return $18,788 in currency that was in a fireproof lockbox and return $20 in currency that was seized from a safe for which Defendant could not remember the combination. (Doc. 759 at 2).

Defendant's motion states:

> A search and seizure warrant was executed on my person and property March 8, 2022; In obtaining the warrant Officer Furman stated that 808 Oakland Rd. N.E., Cedar Rapids, IA was a stash house being used to store methamphetamine. No fruits of the warrant was found; In the home no methamphetamine was found, No arrest was made. There was no evidence of a crime that the search warrant described; yet $18,788 dollars that was in a lockbox in the bedroom was taken; $20.00 dollars in a safe in

which the combination had been forgotten, a money counter which was
purchase thru Ebay; these fruits of the search warrant is not a crime, I
Elmer Mims is petition this Court to return the seized property, seized by
law enforcement because no elements of a crime was found that the search
warrant identified.

(*Id.* at 1.)

Furthermore, Defendant's motion states, "the warrant said search and seizure of person and property; No crime was found on March 8, 2022 of said warrant." (*Id.* at 2.)

Defendant's motion cites to 18 U.S.C. "former Sections 611 and 612" and *Conyer v. United States*, 80 F.2d 292 (6th Cir. 1935), but Defendant does not explain how he believes these authorities support his motion.

Defendant's motion also includes "amended, Subdivision (e) Provides for a return of the property if (1.) The person is entitled to lawful possession and (2.) the seizure was illegal." (Doc. 759 at 2.) Essentially, Defendant appears to be arguing that no evidence of a crime was found during the search, and therefore, he is lawfully entitled to the money because the money was illegally seized.

### B. *The Government's Arguments*

The Government's response states:

According to the police report detailing the search and items seized, there was $60 in cash found inside a safe that was located in the dining room. (GE 1 at p. 1, attached; *see also* Government Trial Exhibit 100 (Doc. 452-6), at p. 13 (appearing to show at least one $20 bill inside safe that had been forced open)). More cash was located in a safe under the nightstand in the northwest bedroom. (*Id.* at 2.) The cash found in the bedroom was combined with the cash found in the dining room, for a *total* of $18,788 seized. (GE 1 at p. 2.)

(Doc. 726 at 1-2.)

The Government asserts:

> defendant's motion must be denied because the cash seized from his residence was lawfully administratively forfeited by DEA on January 2, 2023. *See* Government Exhibit 2 (Declaration of Forfeiture), attached. As noted in the declaration of forfeiture, proper notice was given, but no claims were filed in the administrative forfeiture action.

(*Id.* at 2.) Furthermore, the Government cites to *Contreras v. United States* which states "a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim." No. 4:12-MC-0919-BCW, 2012 WL 5835682, at *1 (W.D. Mo. Nov. 16, 2012.) As quoted above, the Government points to Exhibit 2 which it claims clearly shows the property was administratively forfeited by the DEA. The Government argues that the administrative forfeiture discussed above is sufficient to bar Defendant's claim to the Property.

## IV. DISCUSSION

The Government is correct, Rule 41(g) is not the proper remedy to set aside the administrative forfeiture. Government's Exhibit 2 is a Declaration of Forfeiture by the U.S. Department of Justice Drug Enforcement Administration dated January 2, 2023. This declaration states the asset description as $18,788.00 in U.S. Currency from the seizure date of March 8, 2022. Furthermore, the declaration states, "[N]otice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property . . . notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement." (Gov. Ex. 2.)

The Declaration of Forfeiture by the U.S. Department of Justice Drug Enforcement Administration indicates notice of the seizure was sent to all known parties who may have interest in the property. The efforts to notify Defendant were reasonably

Case 1:22-cr-00039-CJW-MAR    Document 763    Filed 12/17/25    Page 4 of 6

calculated to provide actual notice of the forfeiture. *See Dusenbery v. United States*, 534 U.S. 161, 171-73 (2002) (method of notice must be reasonably calculated to provide actual notice but the Government need not prove that claimant actually received notice). Moreover, Government's Exhibit 1, the police report of the of the search, strongly suggests Defendant was present and knew of the seizure of the currency, "Mims said he did not have the combination or the key." Thus, Defendant would have actual knowledge of the seizure of the property he now requests be returned.

Defendant's assertions that the funds seized were not the product of illegal activity or that the search was somehow illegal are not properly before the Court. Defendant's remedy, if any, was in the administrative proceeding. "[A] Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim. *Contreras*,, 2012 WL 5835682, at *1.

## V. CONCLUSION

I respectfully recommend that Defendant's Motion under Rule 41 thru 41(g); Motion to Return Property (**Doc. 759**) be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to

appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

    **DONE AND ENTERED** this 16th day of December, 2025.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa