# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| UNITED STATES OF AMERICA, | No. 22-CR-39-CJW-MAR |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| ELMER MIMS, | |
| Defendant. | |

A Report and Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court deny defendant's Motion for Return of Property Under Rule 41(g), (Doc. 759), is before the Court. (Doc. 763). Defendant filed an objection. (Doc. 766). For the following reasons, the Court **overrules** defendant's objection, **adopts** the R&R, and **denies** defendant's motion.

## I. BACKGROUND

On January 2, 2023, the Drug Enforcement Administration ("DEA") administratively forfeited $18,788 in United States currency belonging to defendant. (Doc. 762-2); *see also* 21 U.S.C. § 881 (outlining property subject to forfeiture). Law enforcement had seized this currency while searching defendant's residence pursuant to a search warrant on March 8, 2022. (Doc. 762-1). Sixty dollars of this were in a safe in the dining room and the remaining amount was in a safe in a bedroom. (*Id.*). The administrative forfeiture notice stated that "notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement." (Doc. 762-2). On September 29, 2023, the Court sentenced defendant to 235 months' imprisonment followed by five years of supervised release on his conviction for conspiracy to distribute a controlled substance in violation of Title 21,

United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. (Docs. 638 & 639). The Court did not address forfeiture at sentencing. (*Id.*).[1]

On November 24, 2025, defendant filed a motion for return of property. (Doc. 759). Defendant argued that he was entitled to return of the currency because "no fruits of the warrant was found" but also that "these fruits of the search warrant is not a crime[.]" (*Id.*, at 1). He also argued that "no crime was found on March 8, 2022 of said warrant." (*Id.*, at 2). Defendant claimed that law enforcement seized "$18,788 dollars in a fire proof lock-box; and $20.00 in a safe" and stated "I would like all money which total $18,808 dollars sent to me[.]" (*Id.*, at 2–3).

The government responded to the motion, stating, first, that defendant is mistaken about the amount of currency forfeited: "The cash found in the bedroom was combined with the cash found in the dining room, for a *total* of $18,788 seized." (Doc. 762, at 1–2 (emphasis in original)). Then, the government argued that "defendant's motion must be denied because the cash seized from his residence was lawfully administratively forfeited by DEA on January 2, 2023." (*Id.*, at 21). In support of its response, the government filed Exhibits 1 and 2: a copy of the Cedar Rapids Police Report from the search of defendant's residence on March 8, 2022, and a copy of the DEA declaration of forfeiture from January 2, 2023. (Docs. 762-1 & 762-2).

On December 17, 2025, Judge Roberts issued his R&R, recommending the Court deny defendant's motion. (Doc. 763). Judge Roberts found that "[e]ssentially, [d]efendant appears to be arguing that no evidence of a crime was found during the [March 8, 2022] search, and therefore, he is entitled to the money because the money was illegally seized." (*Id.*, at 3). Judge Roberts concluded that, despite defendant's

---

[1] *See United States v. Miranda-Ortiz*, No. 14-388(1) (PAM), 2020 WL 3046532, at *1 (D. Minn. June 8, 2020) ("Administrative forfeitures, which are by definition non-judicial, are not part of the sentencing judgment.").

2

argument to the contrary, "Rule 41(g) is not the proper remedy to set aside the administrative forfeiture." (*Id.*, at 4). "Defendant's assertions that the funds seized were not the product of illegal activity or that the search was somehow illegal are not properly before the Court. Defendant's remedy, if any, was in the administrative proceeding." (*Id.*, at 5). For that reason, Judge Roberts recommended denying defendant's motion for return of property. (*Id.*).

Defendant filed an objection to the R&R. (Doc. 766). In his objection, defendant again requested "the return of $18,788 in cash seized during a search of his residence on March 8, 2022[.]" (*Id.*, at 1). He also explicitly "withdr[e]w his seperate [sic] $20 claim." (*Id.*, at 1 n.1). In his objection, defendant takes issue with the form of the government's response and claims that he was not "provided notice of the seizure and a reasonable opportunity to contest the forfeiture." (*Id.*, at 3, 8).

## II. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court

3

judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Because defendant objected to the R&R here, the Court reviews it de novo.

## III. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

First, "[t]he movant must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). "This burden is . . . satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." *Id*. The burden then shifts to the government to "establish a legitimate reason to retain the property." *Id*. at 397.

4

"Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)). Furthermore, "a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim." *Contreras v. United States*, No. 4:12-MC-09017-BCW, 2012 WL 5835682, at *1 (W.D. Mo. Nov. 16, 2012). This is so because "the legality of a seizure should be tested in the forfeiture proceeding." *In re Harper*, 835 F.2d 1273, 1274–75 (8th Cir.1988), *rev'd on other grounds*; *see also United States v. Portis*, No. 11–305, 2014 WL 1400691 (D. Minn. April 10, 2014) (denying post-sentencing motion for return of property brought by criminal defendant whose interest in the property had been forfeited).

Here, it appears to the Court, as it did to Judge Roberts, that defendant has no additional lawful entitlement to any property in possession of the government because such property was administratively forfeited three years ago. Defendant lost his entitlement when thirty days passed from the publication of the DEA forfeiture notice and defendant did not contest the administrative forfeiture. Because defendant has no entitlement to the administratively forfeited currency, his claim here fails at the first step. Despite defendant's protestations, the government demonstrated that notice of the seizure of the property was provided to defendant (1) when he was present for the search of his residence on March 8, 2022 and observed the seizure, (2) when notice was sent to him by the DEA, and (3) when notice was published by the DEA. (Docs. 762-1 & 762-2). The government provided proof of that notice in the exhibits it submitted with its reply to defendant's motion. (*Id.*). Despite defendant's objection to the form of the

government's reply, the Court sees no error there. For those reasons, defendant's motion for return of property is denied.

## IV. CONCLUSION

For reasons stated, the Court **overrules** defendant's objection, **adopts** Judge Roberts' R&R, (Doc. 763), and **denies** defendant's motion for return of property (Doc. 759).

**IT IS SO ORDERED** this 11th day of February, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa